# BENJAMIN LOMBARD

## *v.*

## THE CHICAGO SINAI CONGREGATION.

1. VENDOR AND VENDEE — *interest* — *from what time computed on purchase money.* On a contract for the sale and conveyance of a house and lot, where the vendor is to furnish a satisfactory abstract of the title, which is not done in the time required, and which causes delay, in decreeing specific performance, the vendor will be left in possession of the rents and profits until

a good title is shown, and from that time only will the vendor be entitled to interest on the purchase money.  After that time the purchaser will be required to pay the interest specified in the contract, and the vendor will be required to account for reasonable rents and profits, although none have been actually received in consequence of the destruction of the building by fire.

2. SPECIFIC PERFORMANCE — *decree as to time of payment.*  On bill for specific performance by the purchaser of real estate against the vendor, where the installments are all due, the court has no right to give further time for payment, as it must enforce the contract as the parties have made it.

3. AMENDMENT — *right to, after decision in this court.*  Where a party in his bill for specific performance conceded title in the vendor, and a state of facts upon which this court on appeal gave a decision in his favor for the relief sought, it was *held* that he ought not to be allowed, after the cause was remanded, by a subsequent amendment of his bill, to dispute the facts upon which he obtained a decision favorable to his interests.

APPEAL from the Superior Court of Cook county ; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in equity, filed by Benjamin Lombard against the Chicago Sinai Congregation, for specific performance.  The case was before this court once before, and is reported in 64 Ill. 477.  The decree of the court below was then reversed and the cause remanded, and upon the second hearing a decree was rendered in accordance with the opinion of this court.  The complainant, not being satisfied with the decree, again brings the record here by appeal.

Messrs. HARDING, McCOY & PRATT, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

This cause comes before us on a second appeal, and for a brief historic view of the case reference is made to the former opinion, 64 Ill. 477.

It was there held the vendee, Lombard, was entitled to have

a specific performance of his agreement, of the date of September 15, 1871, with the Sinai Congregation, for the purchase of the premises in controversy. That agreement contained a clause, in case legal objections were interposed to the title, it should be optional with the congregation to return the earnest money and declare the agreement cancelled, or make the title good. Before any election had been made, the buildings, together with the contents of the property, were destroyed by fire on the 9th or 10th of October, 1871. On this branch of the case this court decided, under the circumstances, the purchaser was entitled to maintain his bill to obtain so much of the property agreed to be sold as he could get, and to obtain compensation, to be deducted from the purchase money, for that portion of it destroyed pending the option of the vendor.

It appeared, on the former hearing, the vendor had supplied all defects suggested in the title, by the 17th day of February, 1872, and on the third day of April tendered a deed to the vendee in compliance with the terms of the contract. This deed was not accepted, principally for the reason the vendee insisted upon compensation for that portion of the property destroyed, which the vendor was unwilling to concede. It may be there were objections to the form of the deed itself, but they were such as could have been readily corrected had they been pointed out, and no doubt would have been, had the question of compensation been adjusted. The vendee, by his bill, seems to have conceded the title was good in the vendor; at least, on the fifth day of April, he filed his bill to enforce specific performance of the agreement. Having determined the vendee was entitled to relief, a question arose from what date interest should be allowed on the purchase money. It was decided that inasmuch as the interest was considerably more than the rents and profits, the case should be controlled by the English rule, which holds the vendor should be left in possession of rents and profits until a good title should be shown, and from that period only will the vendor be entitled to interest, and the pur-

35—75TH ILL.

chaser to rents and profits. On the remandment of the cause the court decreed in accordance with the directions indicated in the opinion.

One objection taken to the decree is, that the compensation found for that portion of the property destroyed is inadequate and against the weight of the evidence. We have examined with care the testimony in the record, and we see no reason to be dissatisfied with the finding of the court. Indeed, we think it is quite as liberal as the evidence, considered all together, would warrant. Had these buildings escaped the fire that laid waste every thing in the vicinity, no doubt they would have rented for considerable sums for a brief period, but that fact would afford no safe criterion by which to estimate their real value. The amount found is all the property is proven to have been worth — certainly it is not so far out of the way as would justify a reversal of the decree for that reason.

The court allowed interest on the balance of the purchase money, after deducting the amount allowed for compensation for the property destroyed, from the 5th day of April, 1872, and charged the vendor with reasonable rents and profits from the same date, although none had actually been received. There was no error in this. It is in accordance with our previous conclusion, and we perceive no just reason for departing from it. The title had then been perfected, and according to the principle of the former opinion, in equity the property was to be regarded as the property of the vendee, subject only to the rights of the vendor under the contract.

On the hearing, by leave of the court, an amendment was filed to obviate the concession previously made, that the title was good in the vendor, and whether or not any answer was filed in apt time denying the allegations of the amended bill, the vendee ought not, by a subsequent amendment, be permitted to deny the state of facts upon which he had obtained a decision favorable to his interests. Besides, we do not understand any valid objection existed as to the title of the

vendor, and whatever objections could justly be taken as to the form of the deed tendered, could have been readily obviated had they been pointed out. We are satisfied with our former conclusion on this branch of the case, and have no inclination, nor do we see any necessity, to investigate it anew.

Finally, it is insisted the court erred in compelling the vendee to pay, by a day fixed, the matured payments. It is not perceived how the court could have decreed otherwise. The installments had then become due according to the terms of the contract the vendee was seeking to enforce, and the court possessed no authority to extend the time of payment. The contract could only be enforced as the parties themselves had made it.

The decree is right in every particular, and must be affirmed.

*Decree affirmed.*